IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL VARGAS AND HILDA VARGAS,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A. AKA WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A. AND F/K/A WACHOVIA MORTGAGE FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB, AS BENEFICIARY; CAL-WESTERN RECONVEYANCE CORPORATION, a CALIFORNIA CORPORATION and all persons claiming by, through, or under such entities or persons; and all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the real property described in the complaint adverse to Plaintiffs title thereto, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. C 12-02008 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, AND GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE** |

**INTRODUCTION**

In this mortgage-loan dispute, defendant Wells Fargo Bank, N.A. moves to dismiss pursuant to FRCP 12(b)(6). For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

Plaintiffs are Juan Manuel Vargas and Hilda Vargas, individuals residing in San Mateo County. Defendants are Wells Fargo, successor by merger to Wachovia Mortgage, FSB,

formerly known as World Savings Bank, FSB, and Cal-Western Reconveyance Corporation, acquirer of certain assets and liabilities of Wells Fargo. Defendants are involved in the mortgage business. In October 2007, plaintiffs entered into an ARM loan agreement with World Savings Bank, FSB, for refinancing of their primary residence (Compl. ¶ 8; RJN Exh. A). The $775,000 loan was secured by a deed of trust on real property located in Redwood City, California (*ibid.*). In January 2008, World Savings Bank, FSB, "change[d] its name to Wachovia Mortgage, FSB" (*See* RJN, Exhs. C, D). In November 2009, Wachovia Mortgage, FSB, merged into Wells Fargo (*See* RJN, Exhs. E–G).

Plaintiffs had difficulty making their mortgage payments, and in June 2009, "the defendant offered, and the plaintiffs accepted a loan modification agreement" (Compl. ¶ 10). In 2011, plaintiffs again fell behind on their payments, and Cal-Western Reconveyance Corporation, as agent for Wells Fargo, recorded a notice of default and election to sell in December 2011 (Compl. ¶¶ 7, 12; RJN Exhs. A, B). The sale was completed on April 9, 2012 (Br. 2; RJN Exh. K). The property reverted back to the beneficiary, Wells Fargo (RJN Exh. K).

Plaintiffs originally filed this action against defendants in San Mateo County Superior Court on March 19, 2012 (Case No. CIV512578). Wells Fargo then removed the action pursuant to 28 U.S.C. 1441 and 1332, and now moves to dismiss all claims. Plaintiffs allege the following claims against all defendants in this action: (1) violation of California Business and Professions Code Section 17200; (2) violation of California Financial Code Section 4973; (3) violation of California Civil Code Section 2923.5; (4) violations of California Civil Code Sections 1632 and 1632.5; (5) common law fraud and (6) common law negligence. Plaintiffs also seek a preliminary and permanent injunction and declaratory relief restraining defendants from selling the property or causing the property to be sold (Compl. ¶ 57).

## ANALYSIS

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the conduct alleged.

2

While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 677–79 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). [C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

FRCP 9(b) requires that in all averments of fraud the circumstances constituting fraud must be stated with particularity. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2001) (citation omitted). A complaint must set forth what is false or misleading about a statement and why it is false — not merely neutral facts identifying the transaction. *Id*. at 1006. This order now considers the sufficiency of each of plaintiffs' claims against defendants in turn.

### 1. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200.

In their first claim, plaintiffs allege that defendants violated California Business and Professions Code Section 17200 "by discriminating against plaintiffs due to their race in connection with the type of loan product they were given, the higher interest rate adjustable mortgage note, and the exorbitant charges charged . . . over the loan term" (Compl. ¶ 20). Plaintiffs also claim that by virtue of defendants' allegedly discriminatory practices, "plaintiffs were placed with a mortgage note herein above described that the defendant[s] [k]new the plaintiffs could not afford" (*id*. ¶ 21).

Section 17200 "prohibits unfair competition, including unlawful, unfair, and fraudulent business acts." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003) (citations omitted). "Each prong of the UCL is a separate and distinct theory of liability." *Birdsong v. Apple, Inc*., 590 F.3d 955, 959 (9th Cir. 2009). "The UCL covers a wide range of conduct. It embraces anything that can properly be called a business practice and that at the same time is forbidden by law." *Korea Supply*, 29 Cal. 4th at 1143 (citations omitted). Section 17200 "borrows violations from other laws by making them independently actionable as unfair

3

competitive practices. In addition, under Section 17200, a practice may be deemed unfair even if not specifically proscribed by some other law." *Ibid*. (citations omitted).

Here, defendant Wells Fargo argues that plaintiffs' Section 17200 claim fails for numerous reasons. *First*, Wells Fargo argues that plaintiffs' Section 17200 claim is time-barred by the statute of limitations (Br. 6). The statute of limitations for Section 17200 claims is governed by Section 17208, which imposes a four-year limitation. Wells Fargo argues that "[s]ince the UCL claim is based on the disclosures and underwriting of the loan in 2007," it is time-barred (Br. 6). If plaintiffs' UCL claim was based solely on the disclosures and underwriting of their 2007 loan, defendant would be correct in arguing that plaintiffs' claim is time-barred.

However, plaintiffs' complaint does not limit their UCL claim to the allegedly unfair practices of defendants in the origination of the 2007 loan. Plaintiffs' complaint also refers separately to their 2009 loan-modification agreement. According to the complaint, "on or about June 20, 2009, the defendant offered, and the plaintiffs accepted a loan modification that they had been told was the best terms that could be given to them" (Compl. ¶ 10). Plaintiffs further claim that "[d]uring the negotiations of the terms of the loan modification, the defendant, and each of them, failed to put the terms in Spanish to assure the plaintiffs would have a full opportunity and understanding of all the loan terms, both expressed and implied by the agreement" (Compl. ¶ 11). To the extent that plaintiffs' UCL claim arises out of the 2009 loan modification agreement, it is not time-barred by the four-year statute of limitations.

*Second*, Wells Fargo argues that plaintiffs' Section 17200 claim is insufficiently pled because plaintiffs fail to allege that Wells Fargo violated any of the three prongs of the UCL (Br. 6). This order will examine plaintiffs' Section 17200 claims with respect to each of these three prongs in turn.

### A. Unlawful Business Act or Practice.

A claim based on the unlawful business act or practice prong of the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048

4

(9th Cir. 2000). "A defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law." *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) (quoting *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 938–39 (2003)).

Here, Wells Fargo argues that plaintiffs have failed to claim Wells Fargo violated an underlying law separate from the UCL (Br. 6). Plaintiffs allege that defendants discriminated "against plaintiffs due to their race" and "engaged in discriminatory practices against the plaintiffs in connection with the terms and conditions of the refinance product given to them in 2007, as well as, in connection with terms of the modification agreement" (Compl. ¶¶ 14, 20). While plaintiffs' allegations *may* support a claim that defendants violated a law, it is unclear from plaintiffs' pleading what they claim the underlying violation to be. In order to prevail under Section 17200, plaintiffs must clarify the underlying violation arising out of these allegations.

**B.      Unfair Business Act or Practice.**

Likewise, a claim based on the unfair business act or practice prong of the UCL must be "tethered" to allegations that defendants violated another law. *Scripps Clinic*, 108 Cal. App. 4th at 938 (holding that "the violation must be tethered to a constitutional or statutory provision or a regulation carrying out statutory policy"). The operative pleading must allege the way in which the practices violated the "borrowed" law by "stat[ing] with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc*., 14 Cal. App. 4t 612, 618–19 (1993).

Plaintiffs have not explained how their allegations against defendants demonstrate that defendants violated an underlying constitutional or statutory provision. In order to prevail under the unfair business act or practice prong of Section 17200, plaintiffs must plead with greater specificity how defendants' alleged discrimination violated an underlying constitutional or statutory provision.

**C.      Fraudulent Business Act or Practice.**

In order to state a claim under the fraudulent business act or practice prong of the UCL, a plaintiff must meet the heightened pleading standards for fraud mandated by FRCP 9(b).

5

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("We have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL").

A "fraudulent" business practice under the UCL is one in which members of the public are likely to be deceived. *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009). Here, plaintiffs have not pled fraud under the UCL with the particularity required by FRCP 9(b). Plaintiffs' assert that defendants discriminated against them on the basis of race. However, plaintiffs' complaint does not allege that defendants acted fraudulently under the UCL. Moreover, plaintiffs' complaint does not even allege that defendants engaged in the type of conduct necessary to show fraud under the UCL, as plaintiffs do not claim that defendants' business practices would have been likely to deceive members of the public. Because plaintiffs have failed to allege fraud with particularity, or at all, plaintiffs' UCL claim cannot proceed under the "fraudulent business act or practice prong" of Section 17200.

Thus, plaintiffs have failed to state a claim for relief under any of Section 17200's three prongs of liability. Therefore, plaintiffs' Section 17200 claim is **DISMISSED WITH LEAVE TO AMEND.**

**2. VIOLATION OF CALIFORNIA FINANCIAL CODE SECTION 4973.**

Plaintiffs claim that defendants violated California Financial Code Section 4973 "by discriminating against the plaintiffs based on the plaintiffs' race and lack of understanding of their otherwise qualifications for a better and affordable loan product than that which was offered to them by defendants herein" (Compl. ¶ 29).

However, plaintiffs' predatory lending claim against defendants is time-barred, as Section 4973 claims are subject to a one-year statute of limitations period that accrues upon consummation of the loan. *DeLeon v. Wells Fargo Bank*, 729 F. Supp. 2d 1119, 1128 (N.D. Cal. 2010) (Fogel, J.). This action was filed on March 19, 2012, more than two years after the refinanced loan was consummated. Therefore, plaintiffs' Section 4973 is **DISMISSED WITHOUT LEAVE TO AMEND.**

6

### 3. VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.5.

Plaintiffs claim that defendants violated California Civil Code Section 2923.5 "by failing to comply [with] any and all of its terms as it related to the plaintiffs" (Compl. ¶ 37). Plaintiffs fail to specify further how defendants failed to comply with Section 2923.5. Instead, plaintiffs paste three pages worth of Section 2923.5's text directly into their complaint (*See* Compl. ¶ 35). Rather than including factual allegations about what defendants did to violate Section 2923.5, plaintiffs rely on conclusory allegations of law that cannot survive a motion to dismiss under the pleading standards set forth by *Iqbal* and *Twombly*. *See* 556 U.S. at 678; *see also* 550 U.S. at 555.

Even if plaintiffs' Section 2923.5 claim had been well-pled, it would still fail because under Section 2923.5, the only remedy for a violation of a lenders obligation to explore options to prevent foreclosure is the postponement of an impending foreclosure. *Mabry v. Superior Court,* 185 Cal. App. 4th 208, 235 (2010). Here, the foreclosure sale of plaintiffs' property has already occurred (RJN Exh. K). Section 2923.5's sole remedy is therefore not available to plaintiffs in this action. Therefore, plaintiffs' Section 2923.5 claim fails as a matter of law and is **DISMISSED WITHOUT LEAVE TO AMEND.**

### 4. VIOLATION OF CALIFORNIA CIVIL CODE SECTIONS 1632 AND 1632.5.

Plaintiffs claim that defendants violated California Civil Code Sections 1632 and 1632.5, but rather than including factual allegations about what defendants specifically did to violate these Sections, plaintiffs paste seven pages worth of Section 1632 and 1632.5's text directly into their complaint and claim that defendants "breached these codes by failing to comply with any and all of its terms as it related to the plaintiffs" (*See* Compl. ¶¶ 40–42). Again, these types of conclusory allegations of law cannot survive a motion to dismiss under the pleading standards set forth by *Iqbal* and *Twombly*. *See* 556 U.S. at 678; *see also* 550 U.S. at 555.

Defendant also argues that plaintiffs' Section 1632 and 1632.5 claims are time-barred by a three-year statute of limitations (Br. 10). This argument is unavailing because it depends on the assumption that plaintiffs' claims "concern the original loan in 2007" (Br. 10). However, insomuch as plaintiffs' claims concern the 2009 loan modification, they are not

7

1  time-barred by the statute of limitations. Thus, plaintiffs' Section 1632 and 1632.5 claims are
2  **DISMISSED WITH LEAVE TO AMEND**.

### 5. COMMON LAW FRAUD CLAIM.

Plaintiffs' common law fraud claim is somewhat unclear, but plaintiffs seem to assert that they were victims of fraud perpetrated by defendants in the consummation of both their 2007 mortgage and 2009 loan modification (Compl. ¶ 45). Specifically, plaintiffs claim that defendants' "suppression of facts . . . persuaded the plaintiffs to consummate the original loan for the purchase of their residential property and to accept terms set forth in the loan modification agreement" (*id.* ¶ 46).

The elements of a claim for fraud based on concealment are: "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Kaldenbach v. Mutual of Omaha Life Ins. Co.*, 178 Cal. App. 4th 830, 850 (2009). Here, plaintiffs' complaint pleads all the elements of a claim for fraud based on concealment (*See* Compl. ¶¶ 44–51).

Wells Fargo argues that plaintiffs' fraud claim fails because as a matter of California law, "there is no fiduciary duty between a lender and a borrower" and thus plaintiffs cannot satisfy the second required element of the cause of action for fraud based on concealment (Br. 11). Defendants support this proposition by citing to *Perlas v. GMAC Mortgage, LLC*. However, that case specifically dealt with a claim against a lender for *fraudulent misrepresentation*, not concealment. *See* 187 Cal. App. 4th 429 (2010). The holding in that decision was predicated upon what express representations a lender was obligated to make to a borrower regarding the lender's opinion of the borrower's ability to repay the loan. *Id.* at 436. The court in *Perlas* held the lender was "under no duty to determine the borrower's ability to repay the loan" and that "the lender's efforts to determine the creditworthiness and ability to repay by a borrower are for

8

the lender's protection, not the borrower's." *Ibid*. The question of whether or not a lender has a duty not to defraud borrowers by intentionally concealing or suppressing facts about their loans is different from the question posed in *Perlas*. Wells Fargo's argument is therefore unavailing.

Wells Fargo also argues that plaintiffs' fraud claim is time-barred by the three-year statute of limitations for fraudulent concealment, but again, Wells Fargo bases its argument upon the assumption that plaintiffs' claim concerns the original loan in 2007 (Br. 12). Plaintiffs allege fraudulent concealment with respect to both the original loan in 2007 and the loan modification in 2009 (Compl. ¶ 45). Therefore, to the extent that plaintiffs' fraud claim arises out of the 2009 loan modification, it is not time-barred by the statute of limitations. Plaintiffs have stated a viable claim for common law fraud, therefore defendants' motion to dismiss plaintiffs' common law fraud claim is **DENIED.**

### 6. CLAIM FOR INJUNCTIVE AND DECLARATORY RELIEF.

Plaintiffs seek a preliminary and permanent injunction and declaratory relief restraining Wells Fargo from selling the property or causing the property to be sold (Compl. ¶ 57). Although plaintiffs designate their prayer for injunctive and declaratory relief as a *claim*, injunctive and declaratory relief are actually *remedies*.

Plaintiffs' prayer for relief is based on an underlying claim regarding tender. Plaintiffs claim that "default was improperly declared and/or the proceedings are otherwise invalid . . . because defendant, and each of them, has refused plaintiffs' tender of principal and interest owing on that obligation" (*id*. ¶ 56). Wells Fargo opposes plaintiffs' claim for injunctive and declaratory relief because it argues that plaintiffs have failed to plead tender of their indebtedness (Br. 13). Wells Fargo claims that "[p]laintiffs fail to allege a single fact supporting their implausible claim of tender . . . such as when they tendered, the exact amount and to whom" (*ibid*.).

Defendant's bare assertion that plaintiffs' claim regarding tender is "implausible" is not enough to defeat the claim on a motion to dismiss. It is enough that plaintiffs have alleged that they attempted to provide tender of the outstanding principal and interest on their mortgage, and that Wells Fargo refused to accept it. Whether or not plaintiffs *actually* attempted tender is a

9

question of fact that cannot be resolved at the pleading stage. Therefore, plaintiffs' tender claim survives Wells Fargo's motion to dismiss.

The declaratory and injunctive relief plaintiffs seek will be considered *if* plaintiffs prevail on a claim where such relief is appropriate. Currently, consideration of such relief is premature. Defendant's motion to dismiss plaintiffs' prayer for injunctive and declaratory relief is **DENIED**.

### 7.    NEGLIGENCE CLAIM.

Plaintiffs claim that defendants owed them a duty of care in connection with their 2007 loan and 2009 refinance, and that defendants breached their duty of care by failing to "safeguard the plaintiffs from receiving a loan product outside their financial means and from excessive and avoidable charges in connection with the loan product given to them" and by "failing to exercise the same precautions when it presented the plaintiffs with the 2009 loan modification terms which were also outside the plaintiffs' financial ability" (Compl. ¶¶ 61–63).

To state a claim for negligence, a plaintiff must allege: "(1) the defendant's legal duty of care to the plaintiff; (2) breach of that duty; (3) causation; and (4) resulting injury to the plaintiff." *Merrill v. Navegar, Inc.* 26 Cal. 4th 465, 500 (2001). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Vazquez v. Residential Invs., Inc*. 118 Cal. App. 4th 269, 278 (2004). As a general rule, under California law, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095–96 (1991) (citations omitted).

Defendant claims that it did not owe plaintiffs a duty of care (Br. 15). However, "defendant went beyond its role as a silent lender and loan servicer to offer an opportunity to plaintiffs for loan modification." *Ansanelli v*. *JP Morgan Chase Bank*, *N.A.,* 2011 WL 1134451 at *7 (N.D. Cal. 2011) (Alsup, J.). Contrary to defendant's assertion, "this is precisely beyond the domain of a usual money lender." *Ibid*. Therefore, defendant's motion to dismiss this claim is **DENIED.**

**REQUEST FOR JUDICIAL NOTICE**

Defendant Wells Fargo requests that judicial notice be taken of the following documents pertaining to the foreclosure history: (1) adjustable rate mortgage note signed and dated October 31, 2007 by plaintiffs Juan and Hilda Vargas; (2) deed of trust dated and signed October 2007 by plaintiffs Juan and Hilda Vargas and recorded in the official records of the San Mateo County recorder's office on November 7, 2007; (3) certificate of corporate existence dated April 21, 2006, issued by the Office of Thrift Supervision, Department of the Treasury; (4) letter dated November 19, 2007 issued by the Office of Thrift Supervision, Department of the Treasury; (5) Charter of Wachovia Mortgage, FSB, effective December 31, 2007, and signed by the Office of Thrift Supervision; (6) official certification of the Comptroller of the Currency stating that effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A.; (7) printout from the website of the FDIC dated September 2, 2010 showing the history of Wachovia Mortgage, FSB; (8) notice of default dated and recorded in the official records of the San Mateo County recorder's office on December 16, 2011; (9) substitution of trustee dated December 28, 2011 and recorded in the official records of the San Mateo County recorder's office; (10) notice of trustee sale dated and recorded in the official records of the San Mateo County recorder's office; (11) trustees deed upon sale dated April 11, 2012; and (12) docket for Case Civil No. CIV512578 entitled *Juan Miguel Vargas et al. vs. Wells Fargo Bank et al.* filed in the Superior Court of California, County of San Mateo. Defendant Wells Fargo's request for judicial notice is **GRANTED**, as the contents of these documents are "not subject to reasonable dispute" in that as public records and government websites, they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FRE 201.

**CONCLUSION**

For the foregoing reasons, defendant Wells Fargo's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs may seek leave to amend any claims except their Section 4973 and Section 2923.5 claims. Plaintiffs will have **21 CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an

1 amended complaint in order to further develop their claims. A proposed amended complaint
2 must be appended to the motion and plaintiffs must plead their best case. The motion should
3 clearly explain how the amendments to the complaint cure the deficiencies herein identified.

**IT IS SO ORDERED.**

Dated: July 18, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE