United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. VARGAS and HILDA VARGAS,<br><br>        Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A., and CALWESTERN RECONVEYANCE CORPORATION, a California Corporation,<br><br>        Defendants.<br>_____ / | No. C 12-02008 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND SETTING BRIEFING SCHEDULE** |

**INTRODUCTION**

In this mortgage-loan dispute, plaintiffs move for leave to file an amended complaint. For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**. The hearing scheduled for September 20, 2012 is **VACATED**.

**STATEMENT**

The instant action arises out of plaintiffs Juan Manuel Vargas and Hilda Vargas' mortgage loan agreement and subsequent loan modification agreement with defendants. The prior factual background has already been discussed in the order granting defendants' motion to dismiss (Dkt. No. 34). Background necessary for the instant motion for leave to amend is described below.

Plaintiffs, who are represented by counsel, originally filed this action against defendants in San Mateo County Superior Court on March 19, 2012 (Case No. CIV512578). Plaintiffs'

1  original complaint alleged claims for violation of Section 17200 of the California Business and
2  Professions Code, Section 4973 of the California Financial Code, Sections 2923.5, 1632, and
3  1632.5 of the California Civil Code, common law fraud, negligence, and a claim for injunctive
4  and declaratory relief. Defendant Wells Fargo Bank, N.A. then removed the action and moved to
5  dismiss the complaint as barred by the statute of limitations and for failure to plead each claim
6  with sufficient specificity. Defendant also argued that certain claims failed as a matter of law.
7  Defendant's motion to dismiss all claims was granted in part by the dismissal order. That order
8  held: (1) plaintiffs' Section 17200 claim was not time-barred, but plaintiffs failed to plead with
9  sufficient specificity; (2) plaintiffs' claim under California Financial Code Section 4973 was
10 time-barred; (3) plaintiffs failed to state a claim for relief under Section 2923.5 because the
11 foreclosure sale had already occurred; (4) plaintiffs' claim under Sections 1632 and 1632.5 were
12 not time-barred to the extent that plaintiffs' claims concern the 2009 loan modification, but were
13 not pled with sufficient specificity; (5) plaintiffs' allegations of fraud were sufficiently pled and
14 were not time-barred; (6) plaintiffs stated a claim for negligence where defendant went beyond its
15 role as a lender and engaged in loan modification; and (7) plaintiffs' claim for a remedy of
16 injunctive or declaratory relief could go forward. Plaintiffs were given 21 days to seek leave to
17 file an amended complaint, and were instructed to append a proposed amended complaint to their
18 motion and clearly explain how the proposed amendments to the complaint cure the deficiencies
19 identified in that order.

20 Plaintiffs now move for leave to file an amended complaint. The proposed complaint is
21 largely identical to the original, with changes limited to a few additional allegations and one new
22 claim to set aside the trustee's foreclosure sale. The proposed complaint alleges the following six
23 claims: (1) unfair competition under Section 17200, (2) violations of Sections 1632 and 1632.5,
24 (3) common law fraud, (4) preliminary and permanent injunction and declaratory relief, (5)
25 negligence, (6) and a claim to set aside trustee's sale. Plaintiffs do not seek to re-allege any
26 claims that were dismissed without leave to amend. Plaintiffs' accompanying motion does not
27 provide any explanation regarding how the proposed amendments cure the deficiencies found in
28 the dismissal order.

2

1    Defendant Wells Fargo opposes the motion on the ground that the proposed amended
2 complaint is futile. Plaintiffs' proposed amended claims and proposed new claim are examined
3 below.

## ANALYSIS

Under FRCP 15(a), "leave to amend shall be freely given when justice so requires. However, the district court may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### A. UNFAIR COMPETITION CLAIM.

Plaintiffs amended their unfair competition claim to state that "Plaintiffs further allege that the defendant, and each of them, violated all three prongs of this section by virtue of their fraudulent conduct alleged herein below under the common law fraud cause of action which the plaintiffs reallege and incorporate herein as though fully set forth." Plaintiffs made no changes to the factual allegations and did not explain how the above addition cures the deficiencies in their original complaint.

Plaintiffs' proposed amended complaint, however, clarifies that their unfair competition claim is based squarely on the claim for common law fraud. A claim of common law fraud is actionable as an "unlawful" business practice under Section 17200. *See Boschma v. Home Loan Center, Inc.*, 198 Cal. App. 4th 230, 253. As the dismissal order found, plaintiffs have sufficiently stated a claim for common law fraud. Thus, as their unfair competition claim rises and falls with the underlying fraud claim, plaintiffs have stated a claim for relief for "unlawful" conduct within the meaning of Section 17200.

### B. CIVIL CODE SECTIONS 1632 AND 1632.5.

Plaintiffs added a section alleging that plaintiffs speak Spanish as their primary language and that defendant failed to provide them with a translation of the loan agreement. The sole allegation concerning defendant's failure to provide Spanish translation concerns the loan

3

1  modification agreement in 2009. As stated in the dismissal order, allegations relating to the loan
2  modification in 2009 under this Section are not barred by the statute of limitations. Thus, a claim
3  based on defendant's alleged failure to provide translations of any loan modification agreement or
4  amendments to the loan agreement made in or after 2009 are not time-barred.

Plaintiffs' proposed amended complaint does not state with sufficient specificity whether their claim concerns the 2009 loan modification. Plaintiffs' motion for leave to amend is **DENIED** with respect to this claim. Plaintiffs may file an amended complaint that clarifies whether they seek relief for conduct in 2009 or after.

### C. CLAIM FOR SETTING ASIDE THE TRUSTEE'S SALE.

Plaintiffs' proposed amended complaint includes an additional claim "to set aside trustee's sale." The proposed claim incorporates by reference paragraphs 1 through 16 and states "by virtue of the defendant's illegal conduct as alleged in each of the causes of action set forth in this complaint, plaintiffs allege that the Trustee's Deed Upon Sale should be set aside as a measure to right the wrong committed by the defendant against the plaintiffs herein." In their motion for leave to amend, plaintiffs argue that adding this new claim is justified because the trustee's sale occurred on April 9, 2012, after the filing of the initial complaint. Defendant, however, argues that plaintiffs have failed to plead any facts on which the trustee's sale may be set aside. For example, defendant points out that plaintiffs have not even alleged that a trustee's sale took place (although this is not contested). Plaintiffs must file a new amended complaint that meets the requirements to state a claim for relief, including allegations regarding the fact of the sale and tender, if applicable.

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion for leave to file an amended complaint is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs must file an amended complaint in conformity with the rulings herein by **NOON ON SEPTEMBER 24, 2012.** Plaintiffs need not seek leave to file this amended complaint. Defendant may file a motion to dismiss or strike within **10 CALENDAR DAYS** thereafter. Plaintiffs' response is due within **FIVE CALENDAR DAYS** after the filing of defendant's motion. A hearing on defendant's motion will be scheduled on **OCTOBER**

4

**18, 2012**. If no motion to dismiss or strike is filed, defendants shall file an answer within **20 CALENDAR DAYS** of the filing of plaintiff's amended complaint. The hearing on plaintiffs' motion for leave to amend scheduled for September 20 is **VACATED**.

**IT IS SO ORDERED.**

Dated: September 17, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE