IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUAN VARGAS AND HILDA VARGAS,

    Plaintiffs,

  v.

WELLS FARGO BANK, N.A., aka WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A. AND F/K/A WACHOVIA MORTGAGE FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB, AS BENEFICIARY; CAL-WESTERN RECONVEYANCE CORPORATION, a CALIFORNIA CORPORATION and all persons claiming by, through, or under such entities or persons; and all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the real property described in the complaint adverse to Plaintiffs title thereto, and DOES 1 through 100, inclusive,

    Defendants.

No. C 12-02008 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

## INTRODUCTION

In this mortgage-loan dispute, defendants move to dismiss pursuant to Rule 12(b)(6). For the reasons stated below, the motion is **GRANTED.**

## STATEMENT

This action arises out of a mortgage-loan agreement and subsequent loan-modification agreement between the parties. The prior factual background has already been discussed in an earlier order (Dkt. No. 34). The relevant facts for the instant motion are described below.

Plaintiffs' original complaint alleged claims for violation of Section 17200 of the California Business and Professions Code, Section 4973 of the California Financial Code, Sections 2923.5, 1632 and 1632.5 of the California Civil Code, common law fraud, negligence, and a claim for injunctive and declaratory relief. Defendant Wells Fargo Bank, N.A. moved to dismiss the complaint as barred by the statute of limitations and for failure to state a claim.

The motion to dismiss was granted in part, dismissing the Section 4973 and Section 2923.5 claims without leave to amend. The other claims were permitted to the extent that they arose out of the 2009 loan modification, the 2007 loan claims being time-barred. Plaintiffs were given 21 days to seek leave to file an amended complaint (Dkt. No. 34).

Plaintiffs sought leave to amend their complaint and appended a proposed amended complaint but ignored the Court's instructions to provide an explanation regarding how the proposed amendments cures the deficiencies found in the dismissal order. Plaintiffs' motion for leave to amend was granted in part and denied in part. Plaintiffs were permitted to file an amended complaint in conformity with the Court's instructions on how to cure the deficiencies in the proposed amended complaint (Dkt. No. 44).

Plaintiffs have filed a second amended complaint and allege the following six claims: (1) unfair competition under Section 17200; (2) violations of Sections 1632 and 1632.5; (3) common law fraud; (4) preliminary and permanent injunction and declaratory relief; (5) negligence; and (6) a claim to set aside the trustee's sale. Now, defendants move to dismiss claims two and six for lack of tender. This order follows briefing, oral argument and supplemental briefing.

**ANALYSIS**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). A complaint, on its face, needs to be plausible, meaning that "the plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

**1. SECOND CLAIM: CALIFORNIA CIVIL CODE SECTIONS 1632 AND 1632.5.**

**A. Tender Requirement.**

Plaintiffs allege that they "speak Spanish as their primary language at home and negotiated the 2009 loan modification agreement with a Spanish interpreter. Defendants, and each of them, failed to provide Plaintiffs with a Translation of the 2009 loan modification" (Second Amd. Compl. ¶ 26). Defendants contend that this claim fails because plaintiffs did not allege tender of the debt (Br. 4–5).

Under California law, "[a]ny person engaged in a trade or business who negotiates primarily in Spanish . . . orally or in writing, in the course of entering into a [loan or extension of credit] shall deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of the contract or agreement in the language in which the contract or agreement was negotiated . . . ." Cal. Civ. Code § 1632(b). It further provides that "[u]pon failure to comply with the provisions of this section, the person aggrieved may rescind the contract . . ." and "the consumer shall make restitution to and have restitution made by the person with whom he or she made the contract." Cal. Civ. Code § 1632(k).

A judge has the discretion to condition rescission on tender to the lender of any money or property received to complete rescission. *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1173 (9th Cir. 2003). Also, the general rule is that to obtain rescission or cancellation, "the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiffs have received in the transaction." *Fleming v. Kagan*, 189 Cal. App. 2d 791, 796 (1961).

Plaintiffs have not pled that they are willing or capable of doing this. Thus rescission is not available as a remedy unless and until plaintiffs plead their willingness and ability to restore to defendants everything of value which the plaintiffs have received in the transaction.

3

1    Defendants also argue that rescission is not available because no contract exists to be
2 rescinded as the trustee's sale extinguished the lien and underlying note. Defendants further
3 argue that Section 1632(k) allows for rescission of the contract and not unwinding of the
4 trustee's sale. This order disagrees.

5    Defendants rely on three decisions for this proposition. *First*, *Hernandez v. Sutter West
6 Capital*, 2010 WL 2382416, at 3 (N.D. Cal. Jun. 10, 2010) (Breyer, J.), is distinguishable
7 because the loan in controversy was superceded by another loan. This is not the case here.
8 *Second*, *Ralph C. Sutro Co. v. Paramount Plastering, Inc.,* 216 Cal. App. 2d 433 (1963), is also
9 distinguishable because it involved a third-party beneficiary claim over an interpleaded fund.
10 These are not our facts. *Third*, *Esoimeme v. Wells Fargo*, 2011 WL 3875881 (E.D. Cal. Sept. 1,
11 2011) (Brennan, J.), which relied on the *Sutro* decision is not persuasive. This order finds it
12 significant that "[t]his action was commenced shortly before the trustee sale" (Def. Sup. Br. 1).
13 Plaintiffs sought relief before the trustee's sale and should not be precluded from the remedy of
14 rescission, if properly pled, because of defendants' conduct during this action. This order finds
15 that the fact of the foreclosure sale does not preclude rescission here.

16    Defendants also rely on the statute-of-limitations. Defendants, however, raise this
17 argument in its reply to the supplemental briefing. This is too late. Such sandbagging is unfair
18 to the other side who were not afforded a meaningful opportunity to respond. Accordingly, the
19 statute-of-limitations argument is not considered. This order now turns to whether rescission is
20 the exclusive remedy.

21        **B.    Exclusive Remedy.**

22    At oral argument, the parties were instructed to submit supplemental briefing on whether
23 rescission is the only remedy for a violation of this statute. The parties were to focus on the
24 legislative history of Section 1632 and California decisional law regarding exclusive remedy.
25 The supplemental briefs turned out to be of little help. Neither side provided useful analysis
26 of the legislative history. Most disappointing is plaintiffs' counsel's two-page response that is
27 half-hearted at best. This Court has researched the issue and now turns to its merits.
28

4

Section 1632(k) provides:

> Upon a failure to comply with the provisions of this section, the person aggrieved may rescind the contract or agreement in the manner provided by this chapter. When the contract for a consumer credit sale or consumer lease which has been sold and assigned to a financial institution is rescinded pursuant to this subdivision, the consumer shall make restitution to and have restitution made by the person with whom he or she made the contract, and shall give notice of rescission to the assignee. Notwithstanding that the contract was assigned without recourse, the assignment shall be deemed rescinded and the assignor shall promptly repurchase the contract from the assignee.

There is no binding decision that analyzes whether rescission is the only remedy under this statute. If the statutory language is unclear, the legislative history maybe used to determine the legislative intent. Additionally, "[w]here a statute creates new rights and obligations not previously existing in the common law, the express statutory remedy is deemed to be the exclusive remedy available for statutory violations, unless it is inadequate." *De Anza Santa Cruz Mobile Estates Homeowners Assn. v. De Anza Santa Cruz Mobile Estates*, 114 Cal. App. 4th 890, 909–912 (2001).

### *(i)* *Statutory Wording.*

The language of the statute is not plain. While it is clear that rescission is a remedy, it is not clear whether it is the sole remedy. Notably, there is no language that expressly precludes other remedies.

### *(ii)* *Legislative History.*

The subsection in question, Section 1632(k), is unchanged from the original text that was enacted in 1974. Thus it is helpful to analyze the original legislative history of the statute. The Legislative Counsel's Digest accompanying Assembly Bill 2797 stated that the statute "[p]rovides for rescission of any contract or agreement upon a willful violation of the act, and specifies duties of restitution . . . ." *See* Legis. Counsel's Dig., A.B. 2797, Jan. 14, 1974 (1973–74 Reg. Sess.). The Bill Digest also stated that "[i]f there is a failure to comply with the bill, the party aggrieved can rescind his contract." *Ibid*. Furthermore, the Enrolled Bill Report to the Governor, dated August 28, 1974, stated that "[c]ontracts executed in violation of this act are voidable at the option of the consumer, goods are repossessed and monies refunded."

5

While there is no express language that rescission is the only remedy, no other remedies were mentioned in the legislative history and the legislature was careful to delineate the rescission and restitution procedure. This weighs in favor of finding that rescission is the exclusive remedy.

Moreover, a proposed bill in 2007, A.B. 512, shed some light on this issue. The proposed bill, which did not pass, sought to amend the Act and would have allowed for actual damages sustained, and other specified civil damages and penalties in addition to the right of rescission. *See* Senate Committee hearing on Banking, Finance and Insurance Digest, A.B. 512, (June 18, 2008). The civil damages and penalties attracted vehement opposition from special interest groups who labeled them draconian and a death penalty remedy.

The proposed bill demonstrated two important points. *First*, the legislature knew how to provide for civil damages in addition to the remedy of rescission. It would have been easy enough to include language that allowed for damages. *Second*, the proposed bill expressly would have added civil damages. The Legislative Digest for A.B. 512 stated that this bill would have "establish[ed] new civil liability and civil penalties on persons who violate the provisions of Civil Code Section 1632." The addition of civil remedies and use of the word "establish" in the Legislative Digest was significant because it suggested that these civil damage remedies did not (and do not) exist under the statute.

### *(iii)* *Judicial Decisions.*

The general rule is that where a statute creates new rights and obligations not previously existing in the common law, the express statutory remedy is deemed to be the exclusive remedy available for statutory violations, unless it is inadequate. *De Anza*, 94 Cal. App. 4th at 912. Also, "it is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 20 (1979).

Section 1632's requirement to deliver to the consumer a translated version of a contract that is negotiated in Spanish is a right and obligation that did not exist in common law. The Act established a new right and specified the manner in which rescission and restitution could be

6

1 effectuated. It cannot be said that rescission is an inadequate remedy. Based on the statutory
2 construction and authority discussed herein, this order finds that rescission is the exclusive
3 remedy under Section 1632, subject only to the possibility that, rescission being an equitable
4 remedy, there may be circumstances in which the offending lender would be ordered to restore
5 out-of-pocket costs as well to the victim.

6 Since rescission is the only remedy under Section 1632 and plaintiffs have not alleged
7 tender as discussed herein, plaintiffs' second claim is **DISMISSED**.

### 2. SIXTH CLAIM: SETTING ASIDE THE TRUSTEE'S SALE.

9 The operative complaint seeks to set aside the foreclosure sale due to "defendant's illegal
10 conduct as alleged in each of the causes of actions set forth in this complaint." Plaintiffs state
11 that the foreclosure "should be set aside as a measure to right the wrong committed by the
12 defendants against the plaintiffs . . . " (Second Amd. Compl. ¶ 54). Defendants contend that this
13 claim to set aside the foreclosure fails for lack of tender and "to the extent Plaintiffs' claim . . . is
14 premised on their failure to obtain a loan modification, that claim is without merit" (Br. 1).

15 Defendants' argument that the action to set aside is premised on an alleged failure to
16 obtain a loan modification is without merit. Plaintiffs' claim to set aside the foreclosure is
17 premised on "each of the causes of actions" in the operative complaint (Second Amd. Compl.
18 ¶¶ 51, 54). Thus this argument fails. This order turns to defendants' main argument that
19 plaintiffs have failed to allege tender of the debt.

#### A. Tender Requirement.

21 "A tender is an offer of performance made with the intent to extinguish the obligation."
22 *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 580 (1984) (internal citations
23 omitted).

24 Plaintiffs contend that tender is not required to state their claim to set aside the
25 foreclosure sale. Not so. "Because the action is in equity, a defaulted borrower who seeks to set
26 aside a trustee's sale is required to do equity before the court will exercise its equitable powers."
27 *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 112 (2011). Under California law, an action to set
28 aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action

7

which a court of equity recognizes. Generally, "[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (1971). Furthermore, an "action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt. . . . This rule is premised upon the equitable maxim that a court of equity will not order that a useless act be performed." *Arnolds*, 158 Cal. App. 3d at 578. It would be futile to set aside a foreclosure on technical grounds, "if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." *U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal. App. 3d 1214, 1224 (1985). Additionally, "[a] party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitation has run against the indebtedness." *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948).

Plaintiffs' only argument for why tender is not required here is that their claim to set aside the foreclosure sale is based on fraud and is distinguishable from claims that are based on irregularities in the foreclosure sale. Plaintiffs, however, do not cite a decision to affirmatively support this contention. Furthermore, their argument fails because the distinguishing facts of fraud are not dispositive here. In this action, plaintiffs seek to set aside the foreclosure "as a measure to right the wrongs committed by the defendants." The claim to set aside the foreclosure sale is clearly an equitable claim. As such, the rules of equity that require tender in foreclosure actions are persuasive. This order finds that tender is required such that setting aside the sale would not amount to an idle or useless act. This order further finds that "[t]he amount of debt relevant here is not the total amount still owed under the loan, but the amount by which plaintiff[s] defaulted." *Ramirez v. Wells Fargo Bank, N.A.*, 2011 WL 1585075 (N.D. Cal. April. 27, 2011) (Alsup, J.). Tender of the amount to bring the loan current is required for plaintiffs to do equity before this Court can exercise its equitable powers.

8

### B. Tender Analysis.

With regard to effectuating tender, plaintiffs argue in their opposition brief that their "obligation to tender performance under the deed of trust is implicit in their willingness to accept a loan modification from the defendant that would be deemed fair and reasonable under the law" (Opp. 3–4).

Plaintiffs' asserted willingness to accept a loan modification is not asserted in its complaint and even if it was, it is not an unconditional offer to pay the debt. Thus plaintiffs have not alleged a valid offer of tender here. Accordingly, plaintiffs' sixth claim is **DISMISSED**.

### CONCLUSION

For the reasons mentioned above, defendants' motion to dismiss is **GRANTED** with regard to dismissing claim two and claim six for failure to allege tender. Plaintiff may seek leave to amend and will have **21 CALENDAR DAYS** from the date of this order to file a motion, notice on the normal 35-day track, for leave to file an amended complaint in order to further develop their claims. A proposed amended complaint must be appended to the motion and plaintiffs must plead their best case. The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein.

**IT IS SO ORDERED.**

Dated: November 19, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE