**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUAN VARGAS AND HILDA VARGAS,

    Plaintiffs,

  v.

WELLS FARGO BANK, N.A., aka WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A. AND F/K/A WACHOVIA MORTGAGE FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB, AS BENEFICIARY; CAL-WESTERN RECONVEYANCE CORPORATION, a CALIFORNIA CORPORATION and all persons claiming by, through, or under such entities or persons; and all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the real property described in the complaint adverse to Plaintiffs title thereto, and DOES 1 through 100, inclusive,

    Defendants.
    /

No. C 12-02008 WHA

**ORDER RE MOTION TO FILE THIRD AMENDED COMPLAINT AND VACATING HEARING**

## INTRODUCTION

Following an order dismissing two claims, plaintiffs seek leave to file a third amended complaint. For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART.**

## STATEMENT

By order dated November 19, 2012, defendant Wells Fargo Bank, N.A.'s motion to dismiss was granted, dismissing for lack of tender plaintiffs' claim for violations of California Civil Code Sections 1632 and 1632.5 and claim to set aside the trustee's sale (Dkt. No. 58). Plaintiffs are represented by counsel in this action. As set forth in previous orders, this action arises out of a mortgage-loan agreement and subsequent loan-modification agreement between plaintiffs Juan Manuel and Hilda Vargas and defendant Wells Fargo Bank, successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings

Bank, FSB (erroneously sued separately as Wachovia Mortgage, FSB and Wells Fargo Bank, N.A.) and Cal-Western Reconveyance Corporation (Dkt Nos. 34 and 57). Cal-Western Reconveyance Corporation, as agent for Wells Fargo, recorded a notice of default and election to sell the property in December 2011 (RJN Exhs. A and B). The sale was completed on April 9, 2012 and the property reverted back to the beneficiary, Wells Fargo (RJN Exh. K).

*First*, after careful review of the statutory language, legislative history, and relevant judicial decisions, the November order determined that the exclusive remedy under Section 1632 was rescission. As plaintiffs had not alleged tender or ability to tender, the claim under Section 1632 and 1632.5 was dismissed. *Second*, the order determined that equitable rules requiring tender in foreclosure actions were applicable to plaintiffs' claim to set aside the foreclosure sale. As to the tender requirement for this claim, the order explicitly held that "[t]ender of the amount to bring the loan current is required for plaintiffs to do equity before this Court can exercise its equitable powers" (Dkt. No. 57 at 8). The order dismissed the two claims with leave to amend, instructing that if plaintiffs sought leave to file an amended complaint, the "proposed amended complaint must be appended to the motion and plaintiffs must plead their best case. The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein" (*id*. at 9).

Plaintiffs' motion states that the proposed third amended complaint "alleges the plaintiffs' ability to tender the delinquent amount of the debt to cure the default prior to foreclosure in the approximate sum of $30,000.00." No further explanation is provided regarding whether the "approximate sum of $30,000" is sufficient to address the deficiencies in the complaint, or how that sum was arrived at. The appended proposed complaint adds two paragraphs, both of which allege that plaintiffs are "ready, willing, and able" to tender $30,000.00 (Proposed Amd. Compl. ¶¶ 26 and 51). Defendant Wells Fargo opposes the motion. For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## ANALYSIS

Leave to amend a complaint should be freely given when justice so requires under FRCP 15(a). This standard is applied liberally. "In the absence of any apparent or declared reason —

such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. — the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The principal limiting factor to the liberal amendment standard is that "[l]eave to amend need not be granted when an amendment would be futile." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002). FRCP 15(a), however, does not apply when a district court files a pretrial scheduling order that establishes a timetable for amending the pleadings and the deadline expires before a party moves to amend. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). In that case, under Rule 16(b), plaintiff "must show good cause for not having amended [his] complaint[] before the time specified in the scheduling order expired." *Ibid*. "Although the existence or

degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted).

The instant motion was filed well after the deadline of October 30, 2012, by which time leave to add new parties or pleading amendments must have been sought. The November order, however, allowed plaintiffs to seek leave to amend within 21 days. Plaintiffs' motion was timely filed within the period provided for in that order. Given the procedural history in this case, including the supplemental briefing required prior to the issuance of the November order, this order finds that the standard of FRCP 15(a) should apply.

**1. CALIFORNIA CIVIL CODE SECTIONS 1632 AND 1632.5.**

Plaintiffs, who speak Spanish as their primary language, allege that defendants failed to provide them with a translation of their 2009 loan modification in violation of California Civil Code Section 1632(b). The statute provides that "[u]pon failure to comply with the provisions of this section, the person aggrieved may rescind the contract . . ." and "the consumer shall make restitution to and have restitution made by the person with whom he or she made the contract."

3

1  Cal. Civ. Code § 1632(k). The November order determined that rescission was the exclusive
2  remedy for violation of this provision. As stated in the order:

> [T]he general rule is that to obtain rescission or cancellation, "the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiffs have received in the transaction." *Fleming v. Kagan*, 189 Cal. App. 2d 791, 796 (1961). Plaintiffs have not pled that they are willing or capable of doing this. Thus rescission is not available as a remedy unless and until plaintiffs plead their willingness and ability to restore to defendants everything of value which the plaintiffs have received in the transaction.

(Dkt. No. 57 at 3). Plaintiffs have alleged only that they are able to tender the "outstanding delinquent sum of approximately $30,000.00" (Proposed Amd. Compl. ¶ 26). Plaintiffs have made no showing that they are able to tender everything of value they received in the transaction, which would presumably be the amount of the loan — here, $775,000.00 — less any payments made to the principal and any proceeds defendants received from the foreclosure sale. Plaintiffs' proposed amendment to allege ability to tender the "outstanding delinquent sum" is not sufficient. In other words, plaintiffs want to wipe away, *i.e.,* rescind, a large liability by tendering only a tiny part of the amount in question. The motion for leave to amend this claim is **DENIED**.

### 2. CLAIM TO SET ASIDE THE TRUSTEE'S SALE.

Plaintiffs seek to set aside the foreclosure sale due to "defendant's illegal conduct as alleged in each of the causes of actions set forth in this complaint" (*id.* at ¶ 50). Plaintiffs' proposed amended complaint alleges that plaintiffs had the "financial ability to tender the full sum of the delinquent due the defendant" prior to the foreclosure, and that plaintiffs "are ready, willing, and able to tender the outstanding delinquent sum of approximately $30,000.00" (*id.* at ¶ 51).

Defendant does not dispute that $30,000 is sufficient to bring the loan current. Instead, defendant argues that plaintiffs' allegations that they were able to tender the amount that was delinquent *prior* to the foreclosure sale are not credible because plaintiffs have not alleged that they in fact attempted to do so, including in their attempt to obtain a temporary restraining order in state court. This order need not draw inferences based on facts outside the pleadings.

4

Plaintiffs have alleged that they are "ready, willing, and able" to tender $30,000 to bring the loan current. As stated in the November order, this allegation of tender is sufficient in this case to state an equitable claim to set aside the trustee's sale. Whether plaintiffs are in fact entitled to any relief is a matter for proof at trial, or summary judgment. Accordingly, the motion for leave to amend this claim is **GRANTED**.

## CONCLUSION

For the reasons mentioned above, plaintiffs' motion for leave to file an amended complaint is **GRANTED** with regard to the claim to set aside the trustee's sale. The motion is **DENIED** with regard to the claim under Sections 1632 and 1632.5 for failure to adequately allege tender. Plaintiffs must file an amended complaint in conformity with this order by **NOON ON JANUARY 10, 2013**. The hearing scheduled for January 17 is hereby **VACATED**. No more motions to dismiss or attempts to amend the Section 1632 claim will be allowed, as plaintiffs were previously warned to plead their best case.

**IT IS SO ORDERED.**

Dated: January 8, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5