UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL VARGAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK N.A., et al.,<br><br>Defendants. | Case No.12-cv-02008-JST<br><br>**ORDER TO SHOW CAUSE RE: ATTORNEY OBI'S FAILURE TO APPEAR AT CASE MANAGEMENT CONFERENCE, AND ORDER VACATING CASE MANAGEMENT CONFERENCE AND REINSTATING CASE DEADLINES**<br><br>Before: Hon. Jon S. Tigar<br>Hearing: June 19, 2013, 2:00 p.m.<br>Location: Courtroom 9 (19th Fl.) |

## ORDER TO SHOW CAUSE

**NOTICE TO ALL PARTIESAND TO ATTORNEY EPHRAIM OBI OF ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT IMPOSE SANCTIONS:**

Plaintiffs' counsel of record, Ephraim Obi, failed to appear at the Case Management Conference held on June 5, 2013. Not only did Attorney Obi receive notice of the conference from the court, ECF No. 68, but he assisted in the preparation of a Joint Case Management Statement, filed on May 29, 2013, that accurately stated the date, time, and location of the conference. ECF No. 69 p. 1. Thus, it was clear he had adequate notice of his obligation to appear.

Attorney Obi is hereby notified and ORDERED TO SHOW CAUSE why the court should not impose sanctions for his failure to appear, including but not limited to a fine and the imposition of attorney's fees and costs pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 16(f), Civil Local Rule 1-4, and the court's inherent authority to manage its docket and achieve the orderly and expeditious disposition of cases. Mr. Obi shall respond to this Order by written declaration under penalty of perjury by June 12, 2013.

Attorney Obi is further ORDERED PERSONALLY TO APPEAR at an Order to Show Cause hearing on June 19, 2013, at 2:00 p.m., in Courtroom 9, 19th Floor, 450 Golden Gate Ave.,

1 San Francisco, California.

2 Attorney Obi is further notified that failure to respond to this Order, or personally to appear at the hearing scheduled for June 19, 2013, will result in the imposition of sanctions for failure to comply with this Order pursuant to the above-cited authorities.

This is not the first time the Court has been required to address Attorney Obi's failures to follow the rules. In consideration whether good cause has been shown, the Court will bear the following facts from the history of this case in mind:

1. On May 14, 2012, Plaintiffs failed to file an opposition or statement of non-opposition to Defendant's Motion to Dismiss and Request for Judicial Notice. Judge Alsup issued an Order to Show Cause and vacated the motion hearing previously set for June 21, 2012, as a consequence of Plaintiffs' failure to respond. ECF No. 16 (June 4, 2012). Plaintiffs were ordered to file a written response by noon on June 8, 2012. Id.

2. Plaintiffs failed timely to file any response to Judge Alsup's June 4, 2012 Order to Show Cause, which was due by June 8, 2012, at noon. Instead, Plaintiffs filed an opposition to Defendant's Motion to Dismiss, on June 11, 2012. ECF No. 17. Judge Alsup accepted the opposition brief in the interest of justice, despite Plaintiffs' failure to comply with (1) this court's civil local rules requiring the filing of an opposition by May 14, 2012, and (2) Judge Alsup's Order to Show Cause requiring the filing of a response by June 8, 2012. ECF No. 24 (June 19, 2012). The court reset the hearing on Defendant's Motion to Dismiss for July 12, 2012, at 8:00 a.m.

3. On June 18, 2012, the parties filed a stipulation seeking to continue the Initial Case Management Conference originally scheduled for June 21, 2012, the same date as the date previously set for hearing Defendant's motion to dismiss, and subsequently rescheduled for June 20, 2012, after Plaintiffs failed to respond to the motion. ECF No. 20. That stipulation did not state the reason for the requested continuance, and it was denied on June 19, 2012. ECF No. 21. On the day the first stipulation was denied, the parties filed another stipulation to continue the case management conference, this time setting forth the parties' reason for requesting a continuance. ECF No. 23. The reason recited by the stipulation was that "Plaintiffs' counsel is previously

1  scheduled to attend a hearing in Department 31F in Ventura County before the Honorable William
2  Leibmann at 8:10 a.m. on June 20, 2012," id. ¶ 6, and that "Plaintiffs' counsel is also scheduled to
3  attend a pre-paid State Bar Solo Small Business Summit from June 21 through June 23, 2012," id.
4  ¶ 7. The June 21, 2012 Motion to Dismiss hearing was noticed on May 14, 2012. ECF No. 13.
5  The Initial Case Management Conference was scheduled via Clerk's Notice on May 25, 2012.
6  ECF No. 14. Plaintiffs' counsel did not seek relief regarding those dates until June 18, 2012.
7  Nevertheless, Judge Alsup granted the second stipulation and rescheduled the Initial Case
8  Management Conference for June 28, 2012. ECF No. 23 (June 19, 2012).

9      4. On June 19, 2012, Judge Alsup issued an order accepting Plaintiffs' untimely filed
10 opposition to Defendant's motion to dismiss and setting a hearing on the motion for July 12, 2012,
11 at 8:00 a.m.ECF No. 24. On June 26, 2012, Attorney Obi filed a request to appear telephonically,
12 without comment or explanation, at the June 28, 2012 Initial Case Management Conference,
13 which had been rescheduled for his benefit. ECF No. 27. That request was denied. ECF No. 28
14 (June 28, 2012).

15     5. On June 25, 2012, three days before the Initial Case Management Conference, the
16 parties filed a joint case management statement, which was eleven days late per ECF No. 14. ECF
17 No. 25.

18     6. On July 12, 2012, Plaintiffs failed to appear at the hearing on Defendant's motion
19 to dismiss. Judge Alsup issued an Order to Show Cause Re: Failure to Appear. ECF No. 32 (July
20 13, 2012).

21     7. On July 16, 2012, Mr. Obi filed a sworn declaration in response to the Order to
22 Show Cause, in which he declared under penalty of perjury: "I informed the court that I would not
23 be able to make it in court due to medical reason via e-mail to Court Clerk." ECF No. 33 ¶ 2.
24 "The medical reason is that I had came[sic] down with severe pain in my lower back and have
25 difficulties with walking and sitting. The pain was rather excruciating and debilitating which
26 necessitated visit to the Doctor. In an effort to make sure my clients were properly represented at
27 the hearing I provided outside counsel to appear on their behalf." Id. ¶ 3. The July 12, 2012
28 Minute Entry indicates that Zachary Toran entered a special appearance on behalf of Plaintiffs at

3

1 the motion to dismiss hearing. ECF No. 31. Mr. Obi attached to his declaration a copy of a medical treatment authorization form from a medical center in Lawndale, California dated July 11, 2012, and signed by a physician on July 11, 2012, in which the physician indicated that Mr. Obi could return to regular work by July 25, 2012. Id., Ex. 1.

8. Mr. Obi also declared: "I intend to Associate the outside counsel in this case for further hearings." Id. ¶ 4.Mr. Obi filed an Association of Counsel on September 13, 2012, associating Zachary A. Toran as Plaintiffs' counsel. ECF No. 43.

9. On February 11, 2013, this case was reassigned to the undersigned. The Order of Reassignment, ECF No. 66, vacated the trial dates, but also provided, "All discovery cutoff dates and other deadlines associated with this case, such asdisclosure and expert deadlines, shall remain in effect." ECF No. 66 at ¶ 5.

10. On February 27, 2013, the parties filed a joint case management statement pursuant to this court's Reassignment Order, ECF No. 66, in which the parties wrote, under the heading "Modification of Current Schedule," "There is no immediate need to modify the current schedule." ECF No. 67. On May 29, 2013, the parties filed a joint case management statement for the June 5, 2013 Case Management Conference in which the parties, without explanation, set forth new pretrial dates, including an extension of the fact discovery cutoff by eight months, an extension of the expert discovery cut-off by nine months, a continuance of the dispositive motion hearing deadline bynine months, and a trial date of July 2014. ECF No. 69.

**CASE SCHEDULING ORDER**

In light of the foregoing, and good cause appearing, the Court now makes the following scheduling order:

1. In light of the additional provisions of this order as set forth below, the Case Management Conference scheduled for June 19, 2013, at 2:00 p.m. is VACATED as unnecessary. That hearing will proceed as an Order To Show Cause hearing only.

2. The Court hereby reinstates all case deadlines set by Judge Alsup on July 2, 2012, ECF No. 29, including the trial date of September 9, 2013, but not including the pretrial conference date. The pretrial conference shall occur on August 30, 2013, at 2:00 p.m. The

4

1  parties' joint pretrial conference statement shall be filed by noon on August 21, 2013.

2  Counsel may not modify these dates without leave of court. The parties shall comply with
3  the Court's standing orders, which are available at cand.uscourts.gov/jstorders.

4  The parties must take all necessary steps to manage their calendars so that they can prepare
5  for and appear at trial on the noticed and scheduled dates. All counsel must arrange their
6  calendars to accommodate these dates, or arrange to substitute or associate in counsel who can.

7  Trial dates set by this court should be regarded as firm. Requests for continuance are
8  disfavored. The court will not consider any event subsequently scheduled by a party, party-
9  controlled witness, expert, or attorney that conflicts with the above trial date as good cause to
10 grant a continuance. The court will not consider the pendency of settlement discussions as good
11 cause to grant a continuance.

12 **IT IS SO ORDERED**.

13 Dated: June 6, 2013



JON S. TIGAR
United States District Judge